# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD D. WILSON, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | No. 4:09CV01346 TCM |
| | ) | |
| SANTIAGO HALLAZZGO, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Reginald D. Wilson (registration no. 336380) for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee. The Court will assess an initial partial filing fee of $1.55. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $7.74, and an average monthly balance of $1.67. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.55, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**Discussion**

Plaintiff seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are Santiago Hallazzgo (Physician, CMS), Alex Scarloff (Physician, BJC Hospital), Unknown Tries (Police Officer), Unknown Betts (Sergeant, Police Officer), Eugene Stubblefield, Unknown Simone, Unknown Murphy (Sheriff), Patrick Schommers, Unknown Higgins (City Counselor), Timothy J. Wilson (Judge, Division 23), and "State Prison Officials."

The complaint consists solely of conclusory allegations, such as "defendants . . . have acted with deliberate indifference to [plaintiff's] serious medical condition . . . and have conspired jointly and individually to conceal, alter and impede deliberately the Court orders issued on October 17, 2005 and November 17, 2005." The complaint

contains no set of facts, which if proved, would entitle plaintiff to relief. As a result, the complaint will be dismissed as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.55 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 4th Day of September, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE